[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 45, and the defendant husband, 46 married on June 4, 1977 in Norwalk, Connecticut. The plaintiff has resided in this state for more than one year prior to December 1, 1993 when the defendant was served with the summons and complaint seeking a dissolution of the marriage and other relief. One child has been born to the plaintiff, issue of the marriage, Derek, born September 10, 1979.
The parties' marriage was dissolved on June 30, 1995 after completion of the trial and financial issues were reserved. Joint legal custody of the minor, with his residence with the mother, was ordered and the father was granted reasonable visitation.
The parties also submitted a stipulation, which is attached as appendix A and which is ordered made part of the judgment concerning the minor's post high school educational expenses.
The plaintiff worked throughout the marriage for her late father's cleaning business, and since his death, has been servicing seven customers. Based on her financial affidavit, she has $212.00 weekly net disposable income.
The defendant had a 22 year career in the U.S. Air Force, retiring in June, 1990. He was assigned to England in December, 1978 where the plaintiff joined him for three months, returning home due to her father's illness. After that short time, the parties spent very little time together. While the defendant was stationed in Texas for three years from 1982 to 1985, the plaintiff did not join him. The court accepts the defendant's testimony that he remained married out of a sense of duty to his son. Presently, the defendant works for the U.S. Postal Service for 16 hours weekly and for Sears about 20 to 22 hours weekly. The court concludes that this is the equivalent of full time employment. Upon CT Page 8968 retirement the defendant elected to receive an immediate pay status for his pension which is listed on his financial affidavit as $293.00 weekly and net disposable $268.00 weekly after deductions.
The parties bought and sold several houses during the marriage and there is presently about $20,000.00 net proceeds being held from the sale of their last house.
Both parties testified to having high blood pressure, but each is presently able to work.
Both parties remained for many years in a marriage that had more form than substance, and the responsibility for the causes of the breakdown must be shared equally.
In calculating child support, the court finds Sears provides the defendant $77.00 weekly net disposable income, the Post Office furnished $121.00 weekly net disposable income, and that the defendant's total weekly net disposable income is $466.00 The court notes that the plaintiff has been providing medical coverage for the minor at a cost of $29.00 weekly.
Having reviewed the evidence in light of the statutory criteria, the court enters the following financial orders.
1. The plaintiff is awarded 50% of 12/22 of the defendant's pension and the court also orders the defendant to choose the Survivor Benefit Plan (SBP) for plaintiff as former spouse and the defendant and his counsel shall cooperate in carrying out these orders.
2. The defendant is ordered to pay child support, based on the present state of facts, in the amount of $138.00 weekly directly to the plaintiff via an immediate wage withholding executed on the pension. When the reallocation of pension payments occurs, the child support may be subject to recalculation.
3. The plaintiff shall continue to provide the medical coverage for the minor child and the parties shall divide any uninsured bill balances equally.
4. The plaintiff is awarded $1.00 annual alimony until her remarriage, death of either party, or further court order.
5. The plaintiff is awarded $15,000.00 of the real estate CT Page 8969 escrow and the defendant is awarded the balance.
6. Each party shall be responsible for the debts listed on each party's financial affidavit.
7. The defendant shall continue to maintain the minor child as primary beneficiary of his life insurance policies until the child's 19th birthday or sooner graduation from high school.
8. The parties shall each retain the tangible items of property now possessed by each, free of any claim by the other party.
9. The counterclaim is dismissed as moot.
Counsel for the plaintiff shall prepare the judgment file.
Harrigan, J.
NO. FA 93 0135597S
OLIVIA OLIVER : SUPERIOR COURT :
: JUDICIAL DISTRICT OF VS. : STAMFORD/NORWALK : AT STAMFORD :
J. C. OLIVER : JUNE 29, 1995
STIPULATION
The parties hereby stipulate and agree as follows:
1. Between May, 1986 and April, 1994, the husband had total Series EE savings bonds issued in his name in the face amount of five thousand four hundred dollars ($5,400.00) and in the minor child, Derek's, name of ten thousand four hundred dollars ($10,400.00). The husband and wife agree that all of said bonds will be used for the minor child's post-high school educational expenses.
2. The wife currently holds a Shawmut CD on behalf of the minor child, Derek, in the amount of two thousand two hundred forty dollars and eighty-three cents ($2,240.83), and a savings account in the amount of three thousand two hundred nineteen dollars and eighty-six cents ($3,219.86). The husband and wife agree that said funds shall CT Page 8970 be used for the post-high school educational expenses of the minor child.
 _________________________ Olivia Oliver
 _________________________ J. C. Oliver
Subscribed and sworn to before me this 30th day of June, 1995.
 __________________________________ Commissioner of the Superior Court